### In re GREENBERG.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

ATTORNEY AND CLIENT (§ 58*)—MISCONDUCT OF ATTORNEY—APPROPRIATION OF CLIENT'S FUNDS.

　　Where an attorney, 26 years of age and admitted only 5 years, appropriated funds of his client which he had received, from which he was entitled to a percentage only as a contingent fee, but on disbarment proceedings did not attempt to deny or expatiate the offense, except by the fact that he took the money to assist in the cure of his mother and sister, who were ill, he will be suspended for six months, and until further order of the court, with leave then to apply for a reinstatement.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76, 78; Dec. Dig. § 58.*]

In the matter of proceedings by the Bar Association in the City of New York for the disbarment of Joseph E. Greenberg, an attorney. Respondent suspended.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, for petitioner.
Samuel D. Levy, for respondent.

---

PER CURIAM. The Association of the Bar of the City of New York charged the respondent with having received as attorney for one Pickard on a settlement of a claim against the Metropolitan Street Railway Company the sum of $110, which the respondent did not turn over to his client, but appropriated to his own use. It seems that the respondent, as attorney for Pickard, presented a claim against the Metropolitan Street Railway Company, and in settlement of that claim received on January 23, 1911, the amount of $110, of which the defendant was entitled to 50 per cent. for his services. The client attempted to obtain his proportion of his recovery from the respondent without success. On April 27, 1911, a letter was sent to him by the grievance committee of the Bar Association, calling his attention to these charges, which Pickard had made to the Association, and on May 13, 1911, the respondent sent for his client and paid him $25 on account of the money that he had received, and subsequently, during the month of May, the respondent paid the balance of the $55 to his client, and on the 24th day of May, 1911, received a general release.

The respondent has submitted in answer to these charges a statement that he was 26 years of age and was admitted to practice in February, 1906. He admits receiving the money, admits that he appropriated it to his own use, and offers as an excuse that his mother and sister were both ill, and when the money came in he used it in defraying the expenses in trying to cure them; that he hoped to be able to restore this money to his client, but was unable to make final payment until May 24th. He says that on April 27, 1911, at 8 p. m., he mailed a letter to his client in Jersey City inclosing a check for $55; that by a mistake he placed a wrong address upon this letter, but, ascertaining his mistake on the following day, he sent a letter to his client, asking him to call, which was sent to the right address, and subsequently the respondent called, and said that he had not received the first letter, with the check, and the respondent then asked his client to give him a little time to make the payment, to which his client assented, but that he subsequently made payments in full as before stated.

The respondent admits that he did wrong, but declares it to be the first offense, and he pledged himself that it would be the last. Mr. Samuel D. Levy, an attorney of many years' practice, also submits an affidavit in which he states that the respondent has been in his employ for about five years, and that during all this time the respondent has conducted himself in a perfectly trustworthy manner, and gives him a very good character. The fact that the respondent has frankly admitted his offense, and has not attempted to uphold it by false statements or perjured testimony, justifies the expectation that he will take a lesson from this occurrence, and will hereafter conduct himself honestly in his relations with his clients. If he had adopted a different course, and attempted to deny the charges, and to sustain that denial by false testimony, the court would have been compelled to disbar him. While we cannot entirely overlook his conduct in appropriating the money of his client to his own use, no matter what

his pecuniary condition was at the time, or the use to which he applied his client's money, we feel justified in inflicting a less severe penalty, and suspend him for a period of six months.

The respondent is therefore suspended from practice for six months, and until the further order of this court, with leave to apply for reinstatement at the expiration of said six months, upon proof that he has actually abstained from practice during that period, and has otherwise properly conducted himself.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

